UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANA M. GONZALEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

FORMCRETE, LLC, and
ROMAN PILOTO, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANA M. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants FORMCRETE, LLC, and ROMAN PILOTO, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ANA M. GONZALEZ is a resident of Broward County that worked in Dade County within this Court's jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant FORMCRETE, LLC (hereinafter FORMCRETE, or Defendant), is a Florida Corporation business in Dade County, Florida. Defendant FORMCRETE is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of

the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant ROMAN PILOTO was and is now the owner/officer and manager of Defendant Corporation FORMCRETE. Defendant ROMAN PILOTO is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ANA M. GONZALEZ as a collective action to recover from Defendants unpaid half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of herself and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2018 (the "material time"), without being adequately compensated.

7. Corporate Defendant FORMCRETE is a construction company specialized in non-residential building construction. Defendant has corporate offices located at 327 SW 2nd Avenue, Florida City, Florida 33034.

8. Defendants FORMCRETE and ROMAN PILOTO employed Plaintiff ANA M. GONZALEZ as a non-exempted, full-time labor construction laborer from approximately September 18, 2018, to April 01, 2021, or 132 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 117 weeks. Plaintiff did not work overtime hours

after February 26, 2021 (5 weeks), and she did not work with Defendants from November 22, 2019, to January 31, 2020 (10 weeks).

9. Plaintiff's last wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

10. During her relevant time of employment, Plaintiff worked 6 days per week, a minimum average of 56 hours.

11. Plaintiff had a regular schedule, and she worked from Monday to Friday from 7:00 AM or earlier to 5:30 PM (10.5 hours), or later. On Saturdays, Plaintiff worked from 7:00 AM to 1:00 PM (6 Hours).  Plaintiff completed every week a minimum of 56 hours. Plaintiff has already deducted 2.5 hours of lunchtime.

12. Plaintiff was paid an average of 56 hours weekly, at her regular rate, but she was not paid for overtime hours, as required by the FLSA.

13. Plaintiff clocked in and out, and she also signed timesheets, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate, for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. During her employment with Defendants, Plaintiff was paid weekly with checks of different corporations without any record or paystub providing basic information such as number of days and hours worked, wage rate paid, employees taxes deducted etc., etc.

16. Plaintiff worked under the supervision of FORMCRETE staff; she wore a FORMCRETE uniform and signed FORMCRETE timesheets.

17. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint when Defendants produce time and payment records.

18. On or about April 01, 2021, Defendants fired Plaintiff without further explanations.

19. Plaintiff ANA M. GONZALEZ intends to recover half-time overtime pay for hours accumulated during her time of employment, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to their unlawful payroll practices and procedures and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

21. Plaintiff ANA M. GONZALEZ re-adopts every factual allegation stated in paragraphs 1-20 above as set out in full herein.

22. This cause of action is brought by Plaintiff ANA M. GONZALEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after September 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant FORMCRETE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce; Defendant accepts and solicits funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

25. Defendants FORMCRETE and ROMAN PILOTO employed Plaintiff ANA M. GONZALEZ as a non-exempted, full-time labor construction laborer from approximately September 18, 2018, to April 01, 2021, or 132 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 117 weeks. Plaintiff did not work overtime hours after February 26, 2021 (5 weeks), and she did not work with Defendants from November 22, 2019, to January 31, 2020 (10 weeks).

26. Plaintiff's last wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

27. During her relevant time of employment, Plaintiff worked 6 days per week, a minimum average of 56 hours. Plaintiff has already deducted 2.5 hours of lunchtime.

28. Plaintiff was paid an average of 56 hours weekly, at her regular rate, but she was not paid for overtime hours, as required by the FLSA.

29. Plaintiff clocked in and out, and she also signed timesheets, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate, for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

31. Plaintiff was paid weekly with checks of different corporations without any record or paystub providing basic information such as the number of days and hours worked, wage rate paid, employees taxes deducted, etc.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations, and these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Fourteen Thousand Forty Dollars and 00/100 ($14,040.00)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment:  132 weeks
    Total relevant weeks of employment: 117 weeks
    Total hours worked: 56 hours weekly average
    Total unpaid O/T hours: 16 O/T hours
    Total O/T hours: 16 O/T average hours
    Regular rate: $15.00 an hour x 1.5=$22.50 O/T rate-$15.00=$7.50
    Half-time: $7.50

    Half-time O/T $7.50 x 16 O/T hours=$120.00 weekly x 117 weeks=$14,040.00

    c. <u>Nature of wages</u>:

    This amount represents unpaid half-time overtime.

35. At all times material hereto, the Employers/Defendants FORMCRETE and ROMAN PILOTO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant ROMAN PILOTO was the owner/partner and manager of FORMCRETE. The individual Defendant ROMAN PILOTO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant

acted directly in FORMCRETE's interests, concerning its employees, including Plaintiff and others similarly situated. Defendant ROMAN PILOTO had financial and operational control of the business. He determined the terms and working conditions of Plaintiff and other similarly situated employees. ROMAN PILOTO is jointly and severally liable for Plaintiff's damages.

38. Defendants FORMCRETE and ROMAN PILOTO willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANA M. GONZALEZ and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANA M. GONZALEZ and other similarly situated and against the Defendants FORMCRETE and ROMAN PILOTO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ANA M. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: April 12, 2021.

                                              Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*